UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-199-H

SHARON R. HEATH                                                                                    PLAINTIFF

V.

BULLITT COUNTY BOARD OF EDUCATION
and
BULLITT COUNTY DETENTION CENTER AND
ADULT LEARNING CENTER                                                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Sharon Heath, filed this action against Defendants, purportedly her former employers, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq*. Defendant, Bullitt County Detention Center ("BCDT"), moves for summary judgment on all claims brought against it, arguing that Plaintiff was never within its employ. For the reasons that follow, Defendant's motion will be sustained.

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Spencer v. CSL Plasma, Inc.*, No. 3:10-CV-00262-H, 2011 WL 4054715, at *2 (W.D. Ky. Sept. 12, 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "While the moving party must demonstrate that no genuine issue of material fact exists, in response, the non-moving party must move beyond the pleadings and present evidence in support of its claim." *Id*. (citation omitted).

Here, Plaintiff advances allegations of age-based and sex-based discrimination, and hostile work environment.  In order to assert such claims against her employer, Plaintiff must establish her employment relationship with Defendants.  No such factual allegations have been pled in reference to BCDT.  In fact, BCDT has submitted evidence to support the contrary, that Plaintiff was actually employed by the Bullitt County Board of Education (the "Board").  BCDT has produced both the employment contract between Plaintiff and the Board, and a letter confirming Plaintiff's hire by Bullitt County Public Schools.  Plaintiff has not responded by either challenging these facts or providing information in support of her claim.  Because ample time has passed since BCDT filed its motion, and the evidence it provided disproves any employment relationship between Plaintiff and BCDT, the Court concludes that Plaintiff's claims against BCDT are without merit.

The Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment is SUSTAINED, and all claims against Bullitt County Detention Center are DISMISSED WITH PREJUDICE.

cc:     Counsel of Record