UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-199-H

SHARON R. HEATH                                                                PLAINTIFF

V.

BULLITT COUNTY BOARD OF EDUCATION
and
BULLITT COUNTY DETENTION CENTER AND
ADULT LEARNING CENTER                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Defendant, Bullitt County Board of Education (the "Board"), has moved for summary judgment because Plaintiff's claims for age and sex discrimination are barred by the applicable statute of limitations. Plaintiff has not responded to the motion even though it was filed over three months ago.

I.

Plaintiff, Sharon Heath, worked at the Adult Learning Center in Bullitt County during the 2008-09 and 2009-10 school years as a substitute instructional assistant and GED Corrections Instructor. She was rehired as a substitute coordinator and GED Corrections Instructor the following year. Her contract was not renewed at the end of the 2009-10 school year because the Board decided to relinquish the contract for the Adult Education Program of which the Adult Learning Center was a part. Jefferson Community College applied for and received the contract and now handles adult education in the region.

All of the programs at the Adult Learning Center were funded by grants. The grant which funded Ms. Heath's positions ended at the end of the 2009-10 school year. The positions

at the Center, including Ms. Heath's position, were transferred to the Jefferson Community College when the Board decided that it was no longer interested in handling this program.  At that time, all of the people working at the Adult Learning Center lost their jobs including Ms. Heath.

On June 9, 2010, Ms. Heath filed a claim with the Equal Employment Opportunity Commission ("EEOC") alleging that the Board discriminated against her on the basis of age, sex and national origin.  The Board provided a position statement in which it stated that Ms. Heath was not terminated, rather her one-year contract was non-renewed in accordance with KRS 161.011(5) and because the Board no longer operated the facility.  The contracts of the other employees working at the Adult Learning Center were also non-renewed.

On January 11, 2011, the EEOC issued a Dismissal and Notice of Rights stating that it was unable to conclude that the information obtained established violations of the applicable statutes.  It also notified Ms. Heath that she had the right to sue the Board for the claims she alleged within ninety days of issuance of the Dismissal and Notice of Rights.  The Notice stated, "You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit must be filed **WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost."  Ms. Heath chose not to file suit within the allotted ninety days.

On April 8, 2011, Ms. Heath filed a second and distinct EEOC charge in which she claimed that the Board retaliated against her in providing unfavorable references to potential employers.  The Board filed a position statement in which it stated that it was unaware of any references which were requested by any person or entity regarding Ms. Heath, and it was

2

unaware of any references being given by its employees.  On July 25, 2011, the EEOC issued a second Dismissal and Notice of Rights in which it dismissed the charge and notified Ms. Heath of her right to sue within ninety days.  This suit followed on August 1, 2011.

II.

42 U.S.C. 2000e-5(f)(1) sets forth the limitations period for filing a civil suit based on the charges brought in an EEOC claim.  It states that if the EEOC decides not to pursue a claim, it shall notify the charging party, and "within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge."  42 U.S.C. 2000e-5(f)(1). Where a charging party fails to file a Title VII suit within ninety (90) days from the date the EEOC dismisses his or her claim, the action is barred.  *Scholar v. Pacific Bell*, 963 F.2d 264, 266-7 (9th Cir. 1992).

Here, Plaintiff filed two EEOC claims.  The first claim alleged violation of Title VII based upon sex, age and national origin.  The second claim alleged that the Bullitt County Board of Education gave negative references regarding Plaintiff to potential employers in retaliation for filing the prior charge. As to the first case, the EEOC notified Plaintiff on January 11, 2011, of its decision dismissing her claim and Plaintiff did not file the present case until August 1, 2011. Consequently, the allegations set forth in Plaintiff's first claim are time-barred.

Plaintiff's second EEOC is separate and distinct from her first claim which alleges, "I think they provided unfavorable references about me to two (2) prospective employers in 2011. I believe I was provided unfavorable references in retaliation for having filed a prior charge with EEOC."  Plaintiff did not check the boxes for "sex," "age" or "national origin" in her second complaint, rather she checked only "retaliation."  *Id.*

3

The Eighth Circuit has stated what the Court believes to be the consensus and reasonable rule applicable here.  *See Williams v. Little Rock Mun. Water Works*, 21 F.3d 218 (8th Cir. 1994). It held that a plaintiff was limited to issues brought in his second charge where the limitations period for the first charge had run.  The Court noted that "[a]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC Charge."  *Id.* at 223 *quoting Babrocky v. Jewel Food Co. & Retail Meatcutters*, 773 F.2d 857, 863 (7th Cir. 1985).  *Also see Soso Liang Lo v. Pan Am. World Airways*, 787 F.2d 827, 828 (2d Cir. 1986).

For these reasons, Plaintiff's claims that she was discriminated against on the basis of age and sex should be dismissed.

## III.

Plaintiff's original pro se complaint alleged giving negative references and many kinds of intentional harassment.  Her amended complaint restated those claims and specifically asserts age and gender discrimination as well as a hostile work environment.  The Court has some doubt as to what claims remain, if any, other than the hostile work environment claims.  Moreover, the Court has some doubt as to whether such a claim is viable in these circumstances.  The Court assumes that the Board will file any appropriate motions to clarify the matter.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's Title VII causes of action for age and gender discrimination are DISMISSED WITH PREJUDICE.

cc:    Counsel of Record